IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN SUE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1792-E-BN |
| | § | |
| DALLAS HOUSING AUTHORITY, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Carolyn Sue Thomas filed a *pro se* complaint against the Dallas
Housing Authority and two Dallas County courts related to state judicial proceedings,
alleging violations of Thirteenth, Fourteenth, and Fifteenth Amendments to the
United States Constitution. *See* Dkt. No. 3. United States District Judge Ada Brown
referred the complaint to the undersigned United States magistrate judge for pretrial
management under 28 U.S.C. § 636(b) and a standing order of reference. The Court
will grant Thomas's motion for leave to proceed *in forma pauperis* (IFP) [Dkt. No. 5]
through a separate order, subjecting Thomas's complaint to screening under 28
U.S.C. § 1915(e)(2). And the undersigned enters these findings of fact, conclusions of
law, and recommendation that, to the extent and for the reasons set out below, the
Court should dismiss the complaint.

**Legal Standards**

Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP if it
fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). The pleading requirements as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), therefore apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true

a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal under Section 1915(e)(2)(B)(ii), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

To start, the civil rights violations that Thomas alleges occurred in judicial proceedings in state court. *See, e.g.*, Dkt. No. 3 at 4 ("Event occurred in courtroom and during appeals process. JP Judge claimed she did not read my response to Dallas Housing Authority suit against me for possession of property. Refused to enter appeal I prepared to higher court."). And Thomas attaches to her complaint multiple flings from state court proceedings, including the August 6, 2023 judgment against her in an eviction proceeding. *See id.* at 7-16, 27-32, 35-38.

So, to the extent that Thomas asserts claims in this federal proceeding that implicate ongoing state court proceedings, the Court should abstain from exercising its jurisdiction over those claims under *Younger v. Harris*, 401 U.S. 37 (1971), which, "following *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 10-11 (1987), [ ] also applies 'when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government,'" *Health Net, Inc. v. Wooley*, 534 F.3d 487, 494 (5th Cir. 2008).

42 U.S.C. § 1983 "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Mitchum v. Foster*, 407 U.S. 225, 243 (1972); citing *Younger*, 401 U.S. at 43-47).

And, under *Younger*, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings. *Younger* abstention "applies only to three exceptional categories of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quoting, in turn, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) (*NOPSI*)); internal quotation marks omitted).

The doctrine requires that federal courts decline to exercise jurisdiction where three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); internal citations omitted); *accord Hood*, 822 F.3d at 222-23.

Of the three exceptional categories identified in *NOPSI*, which "define *Younger*'s scope," *Sprint*, 571 U.S. at 78, the unique posture of this litigation – filed to request that a federal district court direct how a state court should conduct a pending proceeding – fits within the third, *see Pennzoil Co.*, 481 U.S. at 13-14 ("Both *Juidice[ v. Vail*, 430 U.S. 327 (1977),] and this case involve challenges to the processes by which the State compels compliance with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained."); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 671 (10th Cir. 2020) ("[B]oth *Juidice* and *Pennzoil* involved requests to directly or indirectly thwart state court compliance processes." (citing *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding

directly."); *Zeeco, Inc. v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-CV-384-JED-FHM, 2017 WL 6539504, at *2 (N.D. Okla. Dec. 21, 2017) ("What *Younger*, *Juidice*, and *Pennzoil* have in common is that they all involved plaintiffs filing separate federal suits in an attempt to enjoin ongoing state proceedings.")).

The additional *Middlesex County* factors are present here: "In this case, the state proceedings are judicial in nature and represent important state interests, as state courts must be empowered to enforce their own orders and judgments. Moreover, [Thomas] has had opportunities to raise [her] federal challenges in these state proceedings and there has been no procedural bar to his doing so." *Dandar v. Church of Scientology Flag Serv. Org., Inc.*, 619 F. App'x 945, 949 (11th Cir. 2015) (per curiam); *see also Pennzoil Co.*, 481 U.S. at 15 ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy."); *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates*, 885 F.3d at 880 ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (citing *Moore*, 442 U.S. at 425; emphasis in original)).

And, insofar as state judicial proceedings have concluded, such that no appeal was pending when Thomas filed this lawsuit, this federal district court lacks jurisdiction "to modify or reverse" a state proceeding under the *Rooker-Feldman* doctrine. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("Reduced

to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *accord Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see also Jordaan v. Hall*, 275 F. Supp. 2d 778, 789 (N.D. Tex. 2003) (noting that the doctrine prevents "thinly veiled attempt[s] to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders"); *but see also Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed.").

In addition, although Thomas broadly alleges violations of amendments associated with the prevention of unlawful discrimination, Thomas's allegations stop short of showing that any defendant named – most notably the Dallas Housing Authority – plausibly discriminated against her, in violation of federal law.

For example, the language of the Fair Housing Act (FHA), 42 U.S.C. § 3601, *et seq.*, "is 'broad and inclusive' and its terms must be given a generous construction to adhere to the statute's remedial scope," *Harmony Haus Westlake, LLC v. Parkstone Prop. Owners Ass'n, Inc.*, 468 F. Supp. 3d 800, 808 (W.D. Tex. 2020) (citations omitted).

But, to state a claim under the FHA, to avoid dismissal, a plaintiff must "allege a discriminatory *housing practice* sufficiently." *Ohana v. Marriott*, No. CV 14-04274 MMM (MRWx), 2015 WL 13919091, at *11 (C.D. Cal. Oct. 15, 2015); *cf. Haire v. 5445*

*Caruth Haven Lane Apartments Owner LLC*, No. 3:21-cv-3127-S-BK, 2022 WL 4097990, at *4 (N.D. Tex. Aug. 22, 2022) ("When Congress enacted the FHA, it did not intend to 'convert every quarrel among neighbors ... into a federal case.' Simply put, '[the statute] does not impose a code of civility on neighbors.' To hold otherwise would extend [it] 'to conduct it was never intended to address and would have the effect of demeaning the aims of the [FHA] and the legitimate claims of plaintiffs who have been subjected to invidious and hurtful discrimination and retaliation in the housing market.'" (quoting *Reule v. Sherwood Valley I Council of Co-Owners, Inc.*, Civ. A. H-05-3197, 2005 WL 2669480, at *4 (S.D. Tex. Oct. 19, 2005), aff'd, 235 F. App'x 227 (5th Cir. 2007) (per curiam))), *rec. accepted*, 2022 WL 4137411 (N.D. Tex. Sept. 8, 2022).

More specifically, the FHA "'prohibits discrimination in the provision of housing' and expressly prohibits the refusal to 'sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color religion, sex, familiar status, or national origin.'" *Greater New Orleans Fair Hous. Action Ctr., Inc. v. Hotard*, 275 F. Supp. 3d 776, 785-86 (E.D. La. 2017) (quoting *Artisan/American Corp. v. City of Alvin, Tex.*, 588 F.3d 291, 295 (5th Cir. 2009), then 42 U.S.C. § 3604(a)).

So – as is the case with Thomas's cursory allegations – where a plaintiff fails to allege discrimination based on a protected class recognized by the FHA, the FHA claim is not plausible and should be dismissed.

**Leave to Amend**

The time to file objections to this recommendation (further explained below) allows Thomas an opportunity to cure the deficiencies identified above (that is, to provide enough facts to plausibly allege all elements of the claims asserted) and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant Thomas leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

If Thomas fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

**Recommendation**

The Court should dismiss this action with prejudice unless, within the time to file objections, Plaintiff Carolyn Sue Thomas satisfactorily shows a basis to amend

the complaint to allege a plausible claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 14, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE